878 F.2d 1445
 11 U.S.P.Q.2d 1735
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PROFESSIONAL ART DISTRIBUTION, INC., Appellant,
v.
INTERNATIONALER ZEICHENVERBANK FUR KUNSTDRUCKPAPIER, E.V., Appellee.
 No. 88-1647.
 United States Court of Appeals, Federal Circuit.
 May 26, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Professional Art Distribution, Inc. (Pro Art) appeals the decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board (Board), Opposition No. 76,711, granting the summary judgment motion of Internationaler Zeichenverbank Fur Kunstdruckpapier, E.V. (IZK), and sustaining IZK's opposition to the registration of Pro Art's mark PRO ART ART ART and design for, inter alia, art paper, as shown in application Serial No. 647,613. We reverse and remand.
 
 OPINION
 
 2
 The Board held that the mark PRO ART ART ART sought to be registered is likely to cause confusion with IZK's trademark for art paper, Registration No. 1,276,920, that features the words PRO ARTE with the word IMPRIMENDI in a design. Accordingly, the Board refused registration under section 2(d) of the Lanham Act, 15 U.S.C. Sec. 1052(d) (1982).
 
 
 3
 The issue of likelihood of confusion is one of law, freely reviewable by this court. See Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1565, 4 USPQ2d 1793, 1797 (Fed.Cir.1987). In assessing the likelihood of confusion, marks should be considered in their entireties as to appearance, sound, and meaning. See In re Bed & Breakfast Registry, 791 F.2d 157, 159, 229 USPQ 818, 819 (Fed.Cir.1986). A mark's design feature must also be evaluated in this assessment. See Giant Food, Inc. v. Nation's Foodservice, Inc., 710 F.2d 1565, 1570, 218 USPQ 390, 395 (Fed.Cir.1983); Franklin Mint Corp. v. Master Mfg., Co., 667 F.2d 1005, 1007-08, 212 USPQ 233, 234-35 (CCPA 1981); In re Loew's Theatres, Inc., 218 USPQ 956, 956 (TTAB 1983). After evaluating the scant evidence of record, we conclude that in viewing the marks as a whole there is no likelihood of confusion.